IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| OWNERS INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No.: |
| vs. | ) |
| | ) |
| K & C BUDGET LOT, L.L.C., | ) **JURY TRIAL DEMANDED** |
| | ) |
| and | ) |
| | ) |
| RACHELLE MARTINEZ, individually and as | ) |
| Class Representative, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Owners Insurance Company, for its Complaint for Declaratory Judgment, states:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Owners Insurance Company ("Owners") is a foreign corporation organized and existing under the laws of the State of Ohio, with its principal place of business at 6101 Anacapri Boulevard, Lansing, Michigan 48917.

2. Upon information and belief, Defendant K & C Budget Lot, L.L.C. ("KCB") is a Missouri limited liability company with its principal place of business at 1010 Noland Road, Independence, Jackson County, Missouri 64050.

3. By Order of the Circuit Court of Jackson County, Missouri at Independence, on June 30, 2010, Rachelle Martinez, was appointed class representative of three certified classes in a lawsuit styled, *Rachelle Martinez, on behalf of herself and all others similarly situated, v. K&C Budget Lot*, Case No. 0916-CV13710 (Mo. Cir. Ct., Jackson Cty.), pending in the Circuit Court of Jackson County, Missouri at Independence. Ms. Martinez resides at 415 N. Colorado Street,

Kansas City, Jackson County, Missouri 64123. A copy of that Order is attached hereto as Exhibit N.

4. This Court has original subject-matter jurisdiction over this civil action under 28 U.S.C. § 1332 because complete diversity of citizenship exists between Plaintiff Owners and Defendants KCB and Rachelle Martinez, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. This Court also has subject-matter jurisdiction over this matter under 28 U.S.C. §§ 2201-2202 because Owners seeks a declaratory judgment against KCB and Rachelle Martinez based upon the construction and interpretation of insurance contracts that are the subjects of an actual controversy between the parties.

6. This Court has personal jurisdiction over Defendant KCB because KCB has its principal place of business in the State of Missouri.

7. This Court has personal jurisdiction over Defendant Rachelle Martinez because she is a resident of the State of Missouri.

8. Venue is proper in this judicial district under 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions, namely, motor vehicle sales and the preparation and transmission of Notices of Sale of Repossessed Vehicles, occurred at KCB, which is located within this judicial district. In addition, Owners has been called upon to afford insurance coverage to KCB for the action brought by Martinez in this judicial district.

### GENERAL ALLEGATIONS

9. Owners files this action seeking the interpretation of insurance policies described below and a declaration of its rights and obligations thereunder with respect to a class action

lawsuit brought against KCB by Rachelle Martinez on behalf of herself and all others similarly situated.

## THE INSURANCE POLICIES

10. Owners issued a Commercial Property Damage and Commercial General Liability Policy ("CGL") to KCB from March 19, 2003, to March 19, 2004, under Policy No. 964605-07404471. This policy was renewed for the periods from March 19, 2004, to March 19, 2005; March 19, 2005, to March 19, 2006; March 19, 2006, to March 19, 2007; and March 19, 2007, to March 19, 2008. Certified copies of the above-referenced policies (collectively, "the CGL Policy") are incorporated by reference as Exhibits A through E.

11. The CGL Policy limits were $500,000 per occurrence, with a General Aggregate Limit per annual policy term of $500,000.

12. Owners issued a Premier Garage Liability with Dealers Plus Coverage to KCB from March 19, 2004, to March 19, 2005, under Policy No. 96-404-471-01. The Dealers Plus Coverage includes coverage for Security Interest Errors and Omission ("E&O"), Insurance Agents E&O, and Truth-In-Lending E&O. This policy was renewed for the periods from March 19, 2005, to March 19, 2006; March 19, 2006, to March 19, 2007; March 19, 2007, to March 19, 2008; March 19, 2008, to March 19, 2009; March 19, 2009, to March 19, 2010; and March 19, 2010 to March 19, 2011. Certified copies of the above-referenced policies (collectively, "the Garage Liability Policy") are incorporated by reference as Exhibits G through L.

13. The Garage Liability Policy limits were $500,000 per occurrence, subject to an annual $500,000 aggregate. The 2004 through 2010 Dealers Plus/Truth-in-Lending coverage limits were $300,000 per occurrence, subject to a $300,000 annual aggregate.

14. The CGL Policies (Exhs. A through E) contain the following relevant provisions:

COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. Insuring Agreement

    a. Bodily Injury and Property Damage Liability (Other Than Auto)

        (1) **We** will pay those sums that **you** become legally obligated to pay as damages because of **bodily injury** or **property damage** to which this insurance applies.

\*\*\*

2. Exclusions.

    This insurance does not apply to:

    a. "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

\*\*\*

COVERAGE B. PERSONAL INJURY AND ADVERTISING INJURY LIABILITY

1. Insuring Agreement

    a. **We** will pay those sums that **you** become legally obligated to to pay as damages because of **personal injury** or **advertising injury** to which this insurance applies.

\*\*\*

2. Exclusions.

    This insurance does not apply to:

    a. "Personal injury" or "advertising injury"

        (1) Arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of falsity;

\*\*\*

**SECTION I-DEFINITIONS**

To understand this policy, **you** must understand the meaning of the following words. These words appear in **bold face type** whenever used in this policy and attached amendatory forms.

B.     **Advertising Injury** means injury arising out of one or more of the following offenses:

1. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services in **your advertisement**;

2. Oral or written publication, in any manner, or material that violates a person's right of privacy in **your advertisement**;

3. The use of another's advertising idea in your **advertisement**; or

4. Infringing upon another's copyright, **trade dress** or slogan in **your advertisement**.

\*\*\*

D.     **Bodily Injury** means **bodily injury**, bodily sickness, or bodily disease sustained by a person, including death resulting from any of these at any time.

\*\*\*

S.     **Personal Injury** means other than **bodily injury** arising out of one or more of the following offenses:

1. False arrest, detention or imprisonment;

2. Malicious prosecution;

3. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling, or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

4. Oral or written publication, in any mater, of material that slanders or libels a person's or organization's good, products or services;

5. Oral or written publication, in any manner, of material that violates a person's right of privacy.

\*\*\*

W.  **Property damage** means:

1. Physical injury to tangible property, including all resulting loss of use of that property.

\*\*\*

LL. **You** or **your** means the named **insured** shown in the declarations and if any individual, **your** spouse who resides in the same household.

\* \* \*

**TRUTH-IN-LENDING ERRORS & OMISSIONS LIABILITY COVERAGE** (part of DEALERS PLUS portion of the GARAGE LIABILITY POLICIES) provides:

1. **Coverage**

   **We** will pay damages for which **you** shall become legally obligated to pay **your** customer (borrower) if **you** make an error or omission in completing the loan documents and:

   **a.** The loan is for the purchase of an **auto** from **you** during the policy period; and

   **b.** The customer (borrower) becomes obligated to the lender for a longer term or increased periodic monthly liability as a direct result of that error or omission; and

   **c.** That error omission is in violation of any federal or state truth-in-lending statute.

\*\*\*

2. **Exclusions**

   This insurance does not apply to any liability for any claim or suit arising out of any:

\*\*\*

   **(2)** any alleged dishonest, fraudulent, criminal, malicious or intentional act or acts committed by or at the direction or consent of the insured, whether acting alone or in collusion with others.

\*\*\*

   **(4)** Fines, penalties and/or attorney's fees imposed under any federal or state statute.

3. **Limit of Insurance**

**Our** limit of insurance under this coverage shall not exceed the the Limit of Insurance shown in the Declaration for Truth in Lending E & O. **Our** limit of insurance for all errors and Omissions in any one policy term shall not exceed $300,000 in the aggregate.

15. The Garage Liability Policies (Exhs. G through L) contain the following provisions:

**GARAGE LIABILITY**

**Section I – Definitions**

To understand this policy, **you** must understand the meaning of the following words. These words appear in **bold face type** whenever used in this policy and attached amendatory forms.

D. **Bodily injury** means **bodily injury**, bodily sickness, or bodily disease sustained by a person, including death resulting from any of these at any time.

R. **Occurrence** means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

W. **Property damage** means:

1. Physical injury to tangible property, including all resulting loss of use shall be deemed to occur at the time of the physical injury that caused it; or

2. Loss of use of tangible property that is not physically injured. All such loss shall be deemed to occur at the time of the **occurrence** that caused it.

1. **Coverage**

   a. **Bodily Injury and Property Damages Liability (Other Than Auto)**

   (1) **We** will pay those sums that **you** become legally obligated to pay as damages because of **bodily injury** or **property damage** to which this insurance applies. **We** will have the right and duty to defend **you** against any **suit** seeking those damages. **We** may at **our** discretion investigate any claim or **occurrence** and settle any claim or **suit** that may result. But:

7

(a) The amount **we** will pay for damages because of **bodily injury** or **property damage** to which this insurance applies. **We** will have the right and duty to defend **you** against any **suit** seeking those damages. **We** may at our discretion investigate any claim or **occurrence** and settle any claim or suit that may result. But:

(b) **Our** right and duty to defend ends when **we** have used up the applicable limit of insurance in the payment of judgments or settlements under **bodily injury, property damage** or medical payments.

No other obligation or liability to pay sums or perform acts or services is overed unless explicitly provided for under **Supplementary Payments – Coverages A and B.**

(2) This insurance applies to **bodily injury** and **property damage** only if:

(a) The **bodily injury** or **property damage** by an occurrence that takes place in the **coverage territory**; and

(b) The **bodily injury** or **property damage** occurs during the policy period.

\*\*\*

### THE UNDERLYING ACTION

16. Rachel Martinez, on behalf of herself and as class representative, filed a class action petition alleging three causes of action against K&C Budget Lot, LLC on April 27, 2009, Case No. 0916-CV13710 (Mo. Cir. Ct., Jackson Cty.), pending in the Circuit Court of Jackson County, Missouri at Independence ("the Underlying Lawsuit"). The Class Action Petition is attached as Exhibit M hereto.

17. In Count I of the Class Action Petition, Martinez alleges a violation of the Missouri Merchandising Practices Act ("MMPA"). Specifically, she alleges K&C engaged in unfair and deceptive acts and practices and "converted" phony public official fees itemized in its sales contract to its own use and benefit. She claims K&C falsely represented that an additional

8

Case 4:11-cv-01050-SOW   Document 1   Filed 10/12/11   Page 8 of 14

amount of $105 in the Retail Installment Agreement was specified to be "paid to public officials" when no such amount was paid by K&C. She further alleges K&C committed unfair and deceptive acts in falsely representing that it was paying an amount to public officials that it was not paying and that these representations were made with evil motives to cheat Martinez and the class members, and, therefore, warrant an award of punitive damages. In the Class Action Petition, actual damages in excess of $100,000.00, punitive damages, and attorney's fees are sought under the MMPA claim.

18. In Count II of the Class Action Petition, Martinez alleges a violation of the Motion Vehicle Time Sales Act ("MVTSA"). She alleges KCB falsely characterized a $105 fee as a payment to public officials and that this violated the MVTSA by including inaccurate and false information in the Retail Installment Agreement. For violating the MVTSA, she alleges K&C should be barred from attempting to collect any delinquency charges and be required to reimburse all finance charges actually paid, plus late fees paid arising out of the Retail Installment Contracts. Actual and statutory penalty damages in excess of $840,000.00, plus attorney's fees are sought under the MVTSA clam.

19. In Count III of the Class Action Petition, Martinez alleges a violation of the Uniform Commercial Code ("UCC"). She alleges KCB uniformly and routinely sent defective Pre-Sale Notices advising debtors of the upcoming sale of collateral without giving notice that they were entitled to an accounting of the amount owed so that they could elect to pay that amount and obtain possession of the vehicle. In addition, she alleges that the Post-Sale Notices routinely sent by K&C failed to include an accounting. Actual damages and statutory penalties under the UCC in excess of $1,452,000.00, which consists of the total finance charge, whether paid or unpaid plus 10% of sales price are sought under the UCC claim.

20. Three classes were certified on June 30, 2010 and Ms. Martinez was appointed Class Representative ("CR") for all three classes. The Class Certification Order is attached as Exhibit N.

21. The Owners insurance policies do not cover the claims made in the class action lawsuit. While an attenuated argument could be made that the Truth-In-Lending coverage is applicable, the exclusions for that coverage are applicable to bar coverage for the claims in the class action lawsuit.

22. In the Underlying Lawsuit, Plaintiffs' damage claims, which Plaintiffs allege arise out of improper loan documentation occurred in Dealers Plus/Truth-In-Lending policy periods 3/19/03 to 3/18/04, 3/19/04 to 3/18/05, 3/19/05 to 3/18/06, 3/19/06 to 3/18/07, and 3/19/09 to 3/18/10, are for an amount that is less than the $300,000 annual limit for each period. The class action damage claims that allegedly arise out of improper loan documentation for two policy periods, namely, 3/19/07 to 3/18/08 and 3/19/08 to 3/19/09, exceed the $300,000 annual policy limit for each period applicable to the Dealers Plus/Truth-in-Lending coverage.

23. On October 20, 2010, the Court granted partial summary judgment for Class Two (class members who received Notices of Intent to Sell Collateral which the Court found violated provisions of the UCC) on Count III (UCC Claim) of the Class Action Petition. A copy of this Judgment is attached as Exhibit O.

24. On September 16, 2011 the Court granted partial summary judgment in favor of Class One (class members who paid KCB public official fees in excess of fees actually paid to public officials which are damages claimed under both the MVTSA and MMPA) on Count II, awarding separate statutory damages under the Motor Vehicle Time Sales Act (MVTSA) as well as excess public official fees paid by class members under the MVTSA claim. Judgment was

entered for Class One on October 11, 2011. A copy of the Order and Judgment are attached as Exhibit P.

25. In the underlying lawsuit class members of Class Three are not seeking damages under Count III of the Class Act Petition for Post Sale of Collateral Notices that allegedly violated the UCC. A copy of the CR's Answer to Interrogatory 4 in the underlying case is attached as Exhibit Q.

## GROUNDS FOR DECLARATORY RELIEF

## CGL POLICY

26. No coverage exists under the CGL Policy's provisions for bodily injury and property damage liability or the provisions for personal and advertising injury liability for the claims set forth in Counts I, II, and III of the Underlying Lawsuit alleging violations of the MMPA, MVTSA, and UCC.

27. Counts I, II, and III of the Underlying Lawsuit do not allege damages caused by "bodily injury" or "property damage" arising from an "occurrence" or "personal injury" or "advertising injury" arising from a covered offense as required for coverage under the CGL Policy.

## GARAGE LIABILITY/DEALERS PLUS POLICY

28. No coverage exists under the Garage Liability Policy's provisions for bodily injury and property damage liability for the claims set forth in Counts I, II, and III of the Underlying Lawsuit alleging violations of MMPA, the MVTSA, and the UCC.

29. Counts I, II, and III of the Underlying Lawsuit do not allege damages caused by property damage or bodily injury neither expected nor intended from the standpoint of the insured as required for coverage under the Garage Liability/Dealers Plus Policy.

30. Further, no coverage exists under the CGL Policy's provisions for bodily injury, property damage, or personal and advertising injury for Counts I, II, and III of the Underlying Lawsuit because the allegations in these counts fall under the CGL Policy's exclusion for bodily injury or property damage that is expected or intended from the standpoint of KCB, the CGL Policy's exclusion for personal injury or advertising injury arising out of oral or written publication of material done by or at the direction of KCB with knowledge of falsity, and/or the CGL Policy's exclusion for personal injury or advertising injury arising out of the willful violation of a penal statute or ordinance committed by or with the consent of KCB.

31. Count III of the Underlying Lawsuit does not allege damages caused by bodily injury or property damage arising from an "occurrence" or personal injury or advertising injury arising from a covered offense as required for coverage under the Garage Liability/Dealer Plus Policy.

### TRUTH-IN-LENDING ERRORS AND OMISSIONS

32. Further, no coverage exists for any of the allegations contained in Count I (MMPA), Count II (MVTSA) or Count III (UCC) of the Underlying Lawsuit under the Truth-In-Lending Errors and Omissions coverage.

33. Counts I, II, and III of the Underlying Lawsuit do not allege damages arising from an error or omission arising from the completion of loan documents as required for coverage under the Truth in Lending Errors and Omissions coverage; rather, Counts I and II are based on intentionally adding phony public official fees into the transaction and Count III alleges errors in the Notice of Sale after repossession has occurred, which occurred at a much later point in time from when the loan documents were prepared.

34. Further, no coverage exists for any of the allegations contained in Counts I, II, or III of the Underlying Lawsuit under the Truth-in-Lending Errors and Omissions coverage because if phony public official fees were part of the loan documentation, then adding them would trigger an exclusion in that to the extent liability arises out of any alleged dishonest, fraudulent, criminal, malicious, or intentional acts committed by or at the direction or consent of KCB or out of any fines, penalties, and/or attorney's fees imposed under a federal or state statute or for fines, penalties and/or attorney's fees imposed under any federal or state statute are excluded.

35. No coverage exists under Counts II (MVTSA) and III (UCC) of the Underlying Lawsuit because damages sought under these claims are statutory penalties and a violation of the MVTSA is a Class B Misdemeanor under Section 365.150, R.S.Mo.

36. Further, insofar as the Underlying Lawsuit claims punitive damages, Missouri courts have repeatedly held that fines, penalties, and punitive damages are not covered by liability insurance.

WHEREFORE, Plaintiff Owners Insurance Company respectfully requests this Court to declare the rights of the parties under the CGL Policy and the Garage Liability Policy with respect to the Underlying Lawsuit and enter judgment finding and declaring:

(1) That the provisions of the CGL Policy, the Garage Liability Policy, and the Truth-In-Lending Coverage issued by Owners to KCB provide no coverage whatsoever for any of the claims (MMPA, MVTSA and UCC) or the partial summary judgments entered in the Underlying Lawsuit;

(2) That Owners has no duty to defend KCB in the Underlying Lawsuit;

(3) That Owners has no duty to indemnify KCB for any portion of any expense or liability it has incurred or may incur in the Underlying Lawsuit or any future settlement, judgment, or civil penalties that may be entered against KCB in the Underlying Lawsuit or any other action arising out of the allegations set forth in the class action petition in the Underlying Lawsuit;

(4) That Owners is entitled to its costs, including attorney fees; and

(5) That Owners is entitled to any such further relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

BROWN & JAMES, P.C.

 /s/ Russell F. Watters
Russell F. Watters, #25758
Patrick A. Bousquet, #57729
Attorneys for Plaintiff
Owners Insurance Company
1010 Market Street, 20th Floor
St. Louis, Missouri 63101-2000
314-421-3400
314-421-3128 – FAX
rwatters@bjpc.com
pbousquet@bjpc.com

9300065