IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| OWNERS INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.: 4:11-cv-01050-SOW |
| vs. | ) | |
| | ) | |
| K & C BUDGET LOT, L.L.C., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| RACHELLE MARTINEZ, individually and as | ) | |
| Class Representative, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF OWNERS INSURANCE COMPANY'S OPPOSITION TO DEFENDANTS'
MOTION TO STAY PROCEEDINGS AND DELAY RESPONSE TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Owners Insurance Company ("Owners"), for its Memorandum in Opposition to

the Motion to Stay Proceedings and Delay Response to Plaintiff's Motion for Summary

Judgment brought by Defendants K&C Budget Lot, L.L.C. ("K&C") and Rachelle Martinez,

individually and as Class Representative ("Martinez"), states as follows:

## I. INTRODUCTION

K&C and Martinez have filed a motion to stay proceedings and delay their response to

Owners' Motion for Partial Summary Judgment. They seek the stay because the underlying

class action litigation that gave rise to the coverage dispute over which Owners filed this action

is still pending. A stay is not proper because, quite simply, the two suits are apples and oranges.

This action seeks a determination of whether Owners owes a duty to defend and

potentially indemnify K&C for the suit brought against it by Martinez and the class action. The

underlying action is not a "parallel" action but, rather, is a class action lawsuit brought by

Martinez and the class members against K&C, seeking damages under the Missouri Merchandise Practices Act ("MMPA"), the Motor Vehicle Time Sales Act ("MVTSA"), and the Uniform Commercial Code ("UCC"). Owners is not a party to the underlying lawsuit, nor could it be a party to that suit at this time. Further, while the underlying action gave rise to the coverage dispute, resolution of the underlying action is immaterial to the relief sought in this action.

In its motion for partial summary judgment, Owners seeks a determination that there is no *potential* for coverage and thus no duty to defend or indemnify K&C for the allegations set forth in the class action lawsuit under certain coverage forms. Under Missouri law, which governs this diversity action, whether an insurer owes a duty to defend is determined by comparing the provisions of the insurance policy to the allegations of the petition. *James v. Paul*, 49 S.W.3d 678, 689 (Mo. banc 2001). There exists a duty to defend if the policy provides for defense and the petition, along with the "facts at the outset of the case," show there is a *potential* for coverage. *McCormack Baron Mgm't Servs., Inc. v. American Guarantee & Liab. Ins. Co.*, 989 S.W.2d 168, 170 (Mo. banc 1999) (emphasis added). It, of course, follows that if there is no *potential* for coverage and, thus, no duty to defend, there is no duty to indemnify. *See also Swan Const. Co., Inc. v. Bituminous Cas. Corp.*, 588 F. Supp. 65 (E.D. Mo. 1984) (stating "[i]f there is no duty to defend under the policy, then defendant has no obligation to pay the settlement amount. . . . [T]he duty of a liability insurer to defend pursuant to its agreement is ordinarily determined by comparing the language of the insurance contract and the allegations of the petition or complaint in the action brought by the person injured or damaged. If the complaint alleges facts which state a claim potentially within the policy's coverage, there is a duty to defend."). Because Owners seeks a determination that there is no *potential* for coverage for the allegations of the class action petition under the policy forms referenced in its Motion for

Partial Summary Judgment, this Court need not await resolution of the underlying action to make that determination.

## II.    THE EIGHTH CIRCUIT'S DECISION IN *SCOTTSDALE* IS CONTROLLING.

The Eighth Circuit of the United States Court of Appeals set forth the procedure by which this Court must determine whether to stay a declaratory judgment action during the pendency of a related state court action in *Scottsdale Ins. Co. v. Detco Industries, Inc.,* 426 F.3d 994 (8th Cir. 2005).  To determine whether to stay a federal declaratory judgment action pending the outcome of litigation taking place in another venue, the court must first determine whether the proceedings are parallel proceedings.  *Id.* at 997 (applying *Wilton v. Seven Falls Co.,* 515 U.S. 277, 282-90 (1995)).  Proceedings are considered parallel if "substantially the same parties litigate substantially the same issues in different forums." *Id.* (*citing New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am.,* 946 F.2d 1072, 1073 (4th Cir. 1991)).

In *Scottsdale,* the Eighth Circuit determined that an insurer's declaratory judgment action filed in federal district court did not constitute a parallel proceeding to the underlying liability action pending in state court.  *Id.*  While the underlying lawsuit was pending in state court, the insurer, which was not a party to the underlying suit, brought a declaratory judgment action in federal court seeking a determination of its rights and duties under the insurance policy.  *Id.*  As the insurer was not a party to the underlying state court proceeding, the two suits clearly did not involve the same parties.  *Id.*  Further, the issues in the two actions were not substantially the same, despite some factual similarities.  *Id.*  Rather, the underlying state action involved a question of liability in a tort action while the declaratory judgment involved a question of insurance coverage in a contract action.  *Id.*  Thus, the proceedings were not considered parallel. *Id.*

After concluding that the underlying liability action and the coverage declaratory judgment action were not parallel proceedings, the Eighth Circuit addressed whether the district court nevertheless had discretion to stay the declaratory judgment action pending the outcome of the underlying liability action. *Id.* at 998. Adopting the test previously applied by other circuits, the Eighth Circuit set forth six relevant factors in determining whether to stay the district court proceedings:

(1) whether the declaratory judgment sought "will serve a useful purpose in clarifying and settling the legal relations in issue";

(2) whether the declaratory judgment action "will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the [federal] proceeding";

(3) "the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts";

(4) "whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending";

(5) "whether permitting the federal action to go forward would result in unnecessary 'entanglement' between the federal and state court systems, because of the presence of 'overlapping issues of fact or law'"; and

(6) "whether the declaratory judgment action is being used merely as a device for 'procedural fending.'"

*Id.* The Eighth Circuit proceeded to apply the test and ultimately concluded that none of the factors weighed in favor of staying the proceedings. *Id.* at 999.

The Eighth Circuit again applied this test in *Continental Cas. Co. v. Advance Terrazzo & Tile Co.* and affirmed the district court's decision not to stay the federal court declaratory judgment action regarding insurance coverage pending resolution of the underlying state court proceedings. 462 F.3d 1002 (8th Cir. 2006). In *Advance Terrazzo*, after initially providing its insured with a defense in the underlying liability action filed in state court, the insurer filed a

declaratory judgment action in federal court, seeking a determination that its policy did not afford coverage for the claim. *Id.* at 1004. The insured moved to stay the declaratory judgment proceedings based on the abstention doctrine. *Id.* The insured argued the district court should have stayed the declaratory judgment action, contending the state and federal actions were parallel actions or, in the alterative, that the *Scottsdale* factors warranted abstention. *Id.* at 1005-06.

Initially, the Eighth Circuit held the suits were not parallel, relying upon the rule set forth in *Scottsdale.* *Id.* at 1006. Specifically, the Court concluded the suits were not parallel because the actions did not involve the same parties and "the state court actions involved issues regarding the insured's liability, whereas the federal suit involved matters of insurance coverage." *Id.* (citing *Scottsdale,* 426 F.3d at 997). The Eighth Circuit then considered whether the *Scottsdale* factors rendered abstention appropriate in the declaratory judgment action, even though the state court action was not a parallel proceeding. *Id.*

Applying these factors, the Eighth Circuit concluded that the district court properly decided not to stay the federal court proceedings. As the declaratory judgment action would ultimately determine whether the insured was entitled to coverage, its resolution would "clarify and settle the legal relations at issue" and "afford relief from the 'uncertainty, insecurity, and controversy'" surrounding the coverage issues. *Id.* at 1007. Further, though the state had an interest in the policy's interpretation, the state's existing precedent regarding the application of the pollution exclusion at issue diminished the value of that interest. *Id.* The Eighth Circuit explained the federal court could determine the coverage issues as efficiently as the state court and proceeding with the federal action did not unnecessarily entangle the two systems. *Id.* Finally, the insurer was not engaged in improper procedural maneuvering by filing the

declaratory judgment action. *Id.* Accordingly, each of the factors weighed in favor of proceeding with the declaratory judgment action. *Id.*

Other courts have likewise concluded that a district court need not stay a federal declaratory judgment action regarding insurance coverage issues pending resolution of the underlying liability suit. *St. Paul Guardian Ins. Co. v. Shannon & Wilson, Inc.,* 2006 WL 1479521 (E.D.Mo. May 25, 2006) (finding suits were not parallel actions and factors did not weigh in favor of staying proceedings); *Hartford Accident & Indemn. Co. v. Doe Run Resources Corp.,* 2009 WL 2242397, at (E.D.Mo. July 24, 2009) (denying insured defendant's motion to stay but without applying factor test set forth in *Scottsdale* because the party moving to stay the proceedings did not raise these factors).

Though courts have applied this test and found in favor of abstention in similar situations to the present matter, these cases are distinguishable. In each of these cases, the insurer bringing the declaratory judgment action was also a party in the underlying suit. *Royal Indemn. Co. v. Apex Oil Co.,* 511 F.3d 788, 796 (8th Cir. 2008) (finding suits were parallel because insurer bringing federal declaratory judgment action was defendant in underlying state suit and both suits concerned its obligations under the insurance policy); *James River Ins. Co. v. Impact Strategies, Inc.,* 699 F.Supp.2d 1086 (E.D.Mo. 2010) (finding suits were parallel because defendant in underlying state action brought third-party claim against insurer in the state action regarding its obligations under an insurance policy).

In *American Home Assurance Co. v. Pope,* the Eighth Circuit determined that the district court did not abuse its discretion in dismissing the claims asserted in an insurer's declaratory judgment action filed while the underlying state court proceeding was pending. 487 F.3d 590, 602-03 (8th Cir. 2007). In that case, however, the procedural history was somewhat convoluted

and ultimately the claims that the district court dismissed did not involve the insurer's obligations under the insurance policy. After the first appeal, the Eighth Circuit reversed the district court's finding that the insurer had no duty to defend its insured in the underlying state action. *Id.* at 598. The insurer then filed an amended petition asserting claims in an attempt to limit its liability in the underlying action. *Id.* at 593. Though the district court dismissed the claims, the Eighth Circuit noted the appropriate test was the abstention test applied in *Scottsdale.* *Id.* at 602. After determining the actions were not parallel proceedings, it concluded the factors weighed in favor of dismissing the claims. *Id.* at 603. However, this was in large part due to the nature of the claims asserted in the amended petition, which were not limited to the insurer's obligations under the insurance policy. *Id.*

In this case, the only issues before the Court are whether Owners owes coverage under certain policies issued to K&C for the class action petition brought by Martinez and the other class members. Accordingly, under the great weight of the authority cited above, a stay would be inappropriate in this matter.

### III.    THE CASES RELIED UPON BY DEFENDANTS ARE UNAVAILING.

In Martinez's memo, she relies on several cases that are simply not binding on this Court and, further, are distinguishable. First, she relies on the Third Circuit's unreported decision in *The Cincinnati Ins. Co. v. Trosch*, 2008 WL 741047 (3d Cir. 2008). While the Third Circuit in *Trosch* provided little analysis as to why it ultimately concluded the district court did not err in staying the action, it is clear the court relied on a different standard for determining an insurer's obligation than that employed under Missouri law, discussed above. In *Trosch*, the Third Circuit stated "[a]lthough the complaint in the Underlying Action avers conduct that would be excluded because of the alleged intent and knowledge of the Gebhart Defendants, there is the potential for

the claim to be covered if a different level of knowledge or intent were to be found by the jury." *Id*. at *1. Under Missouri law, however, courts examine whether there is a potential for coverage, thus triggering a duty to defend and possibly a duty to indemnify, by considering "the facts at the **outset** of the case." *McCormack*, 989 S.W.2d at 170. *See also Trainwreck West Inc. v. Burlington Ins. Co.*, 235 S.W.3d 33, 39 (Mo. App. E.D. 2007) (noting "[t]he obligation of defendant to defend a suit filed against plaintiff is to be determined from the cause of action pleaded, ***at the time the action is commenced,*** not from what an investigation or a trial of the case may show the true facts to be.") (emphasis in original).

Further, *Trosch* is distinguishable from this case because in this case, Owners is not merely relying on an exclusion for intentional acts. Rather, Owners argued in its Motion for Partial Summary Judgment that there is no potential for coverage under certain policy forms because the allegations of the class action petition do not fall within their insuring agreements. As such, no coverage is triggered in the first instance to which an exclusion might apply. As set forth more fully in its Motion, Owners argues the class action petition does not allege an "occurrence" arising from "bodily injury" or "property damage," nor does it allege a covered "personal injury" or "advertising injury" offense. Moreover, the class action does not allege any error or omission in insurance agent services or in security interest registration. This is not a case where the jury may make a finding that would bring the case back into coverage when the petition as filed does not present the possibility for coverage, even if that were the appropriate inquiry under Missouri law, which it is not.

Defendants also rely on *Assurance Co. of Am. v. Legendary Home Builders, Inc.,* a federal district court decision from a district court in Alabama. 305 F.Supp.2d 1266 (S.D.Ala. 2003). There, the insurer brought the declaratory judgment action solely regarding its duty to

***indemnify*** the insured for the underlying suit, and, more significantly, the insurer agreed to stay the federal court action pending resolution of the state court action. *Id.* at 1267.

Defendants cite *State Farm Fire and Cas. Co. v. TBG, Inc.,* a district court decision from the district court in Kansas, which stayed the insurer's declaratory judgment action until certain factual issues were decided in the underlying suit. 760 F.Supp. 178, 180 (D.Kan. 1991). Even though not all of the coverage issues were present in the underlying state action, the court found the factual issues warranted a stay of the declaratory judgment action on coverage. *Id.* Nonetheless, that case involved two federal court actions. *Id.* at 178. Further, the case was decided before the Supreme Court's decision in *Wilton* and the Eighth Circuit's *Scottsdale* decision, which set forth the applicable factors this Court must consider in determining whether to stay a declaratory judgment action. As such, the case is no longer good law on this issue.

Finally, Martinez cites *Universal Underwrites Ins. Co. v. Dean Johnson Ford, Inc.,* a Missouri state court decision, in which the insurer reversed the trial court's summary judgment for the insurer. 905 S.W.2d 529 (Mo. App. W.D. 1995). *Universal Underwriters,* however, did not involve a federal declaratory judgment action or consider whether a stay was appropriate. Rather, the Missouri Court of Appeals simply reversed summary judgment for the insurer, finding an exclusion for fraud ambiguous and construing it in favor of the insured. *Id.* at 534. Thus, the court held the insurer had a duty to *defend* unless it was determined that the insured acted intentionally. *Id.* at 535. In this case, as noted above, Owners is not solely relying on an exclusion for intentional acts. Rather, it seeks a determination that the allegations of the class action petition simply do not trigger coverage under the Owners policies in the first instance. Nonetheless, that is an issue to be resolved through summary judgment briefing, and is not a basis for a stay of this action.

**CONCLUSION**

Resolution of Owners' declaratory judgment action is in no way dependent on the final resolution of the class action lawsuit brought by Martinez against K&C, to which Owners is not a party. Therefore, a stay would be improper. Owners seeks a determination that there is no potential for coverage under certain coverage parts of its policies for the allegations in the class action petition. Under Missouri law, that determination is made by comparing the allegations of the petition and any other facts known at the outset of the case to the terms of the policy. Owners is entitled to that determination in this case, at this time, and without waiting for the underlying action to be resolved.

This Court should follow the holdings of *Scottsdale, Advance Terrazzo,* and the other cases cited by Owners above and deny Defendants' Motion to Stay. Further, to avoid additional delay, the Court should order Defendants to respond to Owners' Motion for Summary Judgment within 14 days of the Court's ruling on the Motion to Stay.

Respectfully submitted,

BROWN & JAMES, P.C.

/s/ Patrick A. Bousquet
Russell F. Watters, #25758MO
T. Michael Ward, #32816MO
Patrick A. Bousquet, #57729MO
Attorneys for Plaintiff
1010 Market Street, 20th Floor
St. Louis, Missouri 63101-2000
314-421-3400
314-421-3128 – FAX
pbousquet@bjpc.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that on February 10, 2012, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's CM/ECF system upon all counsel of record.

/s/  Patrick A. Bousquet_____

9698325