IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| OWNERS INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 11-1050-CV-W-SOW |
| ) | |
| K&C BUDGET LOT, L.L.C., et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the Court is defendant Rachelle Martinez's Motion to Stay Proceedings and Delay Response to Plaintiff's Motion for Summary Judgment (Doc. #25). For the following reasons, it is hereby denied.

I. Background

Defendant Rachelle Martinez ("Martinez") seeks a stay of this insurance declaratory judgment action pending resolution of the underlying state court proceedings. Plaintiff, Owners Insurance Company ("Owners") opposes the stay, contending that the two actions are "apples and oranges." The Court finds that the state court action does not involve substantially the same issues as this case. The Court also concludes, after applying the necessary law, that a stay is not appropriate in this case.

In April 2009, Martinez filed her class action lawsuit against K&C Budget Lot, LLC ("K&C Budget") in the Circuit Court of Jackson County, Missouri. Martinez's Petition included three claims: (1) violation of the Missouri Merchandising Practices Act; (2) violation of the Motor Vehicle Time Sales Act; and (3) violation of the Uniform Commercial Code. Owners is an insurance company that has issued policies to K&C Budget; it is not a party to the state court action.

On June 30, 2010, the state court granted Martinez's motion for class certification. On October 20, 2010, the court granted summary judgment on Count III of plaintiff's Petition. The court granted Martinez summary judgment on Count II of her Petition in September 2010. The only count remaining is Martinez's claim under the MMPA and for punitive damages. On October 12, 2011, Owners filed this declaratory judgment action, asserting that there is no potential for coverage and thus no duty to defend or indemnify K&C Budget for the allegations in the state court class action.

## II. Discussion

Pursuant to the federal Declaratory Judgment Act, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). "[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act." Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995). Because this action involves two pending lawsuits – one in state court and one in federal court – the Court is guided by the analysis of the Supreme Court in Wilton. There, the Supreme Court held that a "federal district court has much broader discretion in determining whether to exercise jurisdiction in a declaratory judgment action during the pendency of parallel state court proceedings." Scottsdale Ins. Co. v. Detco Indus., Inc., 426 F.3d 994, 996 (8th Cir. 2005) (citing Wilton, 515 U.S. 277, 282-90). In Wilton, the Supreme Court expressly limited its holding to cases where there is a parallel state court proceeding. 515 U.S. at 290. "[T]he district court's discretion [to abstain] is limited when no parallel proceedings are pending in state court, because in those circumstances there are less-pressing interests of practicality and wise administration." Scottsdale Ins., 426 F.3d at 999.

The threshold issue to determine in this case is whether parallel proceedings in state court were pending when Owners brought this declaratory judgment action. See id. at 996. "Suits are parallel if 'substantially the same parties litigate substantially the same issues in different forums.'" Id. at 997 (quoting New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am., 946 F.2d 1072, 1073 (4th Cir. 1991)). In Scottsdale Ins., the Eighth Circuit held that "there were no parallel proceedings pending in state court because (1) the insurer was not a party to the suit pending in state court; and (2) the state court actions involved issues regarding the insured's liability, whereas the federal suit involved matters of insurance coverage." Id.

Next, Scottsdale Ins. dictates the consideration of several factors to guide when a federal court should abstain from resolving a declaratory judgment action when parallel proceedings are absent.

> (1) whether the declaratory judgment sought 'will serve a useful purpose in clarifying and settling the legal relations in issue'; (2) whether declaratory judgment 'will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the [federal] proceeding'; (3) 'the strength of the state's interest in having the issues raised in the federal declaratory judgment decided in the state courts'; (4) 'whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending'; (5) 'whether permitting the federal action to go forward would result in unnecessary "entanglement" between the federal and state court systems, because of the presence of "overlapping issues of fact or law"'; and (6) 'whether the declaratory judgment action is being used merely as a device for "procedural fencing"–that is, "to provide another forum in a race for res judicata" or to "achiev[e] a federal hearing in a case otherwise not removable."'

Id. at 998 (quoting Aetna Cas. & Sur. Co. v. Ind-Com Electric Co., 139 F.3d 419, 422 (4th Cir. 1998) (internal citations omitted).

First, the Court determines that the issues in the two cases are not substantially the same.

The state court case is a liability case; this case, on the other hand, deals with issues of insurance coverage. Like in Scottsdale, the insurer in this case is not a party to the state court action. Further, the state court action involves the insured's liability, and this suit involves matters of insurance coverage. Id. at 997. Undoubtedly there will be some factual issues that overlap, but that alone is not enough to find that the suits are parallel. Id. Thus, the issues in the state court case are not substantially the same as the ones before this Court.

Next, the Court considers the six-factor test set forth in Scottsdale. The first and second factors do not weigh in favor of abstaining from this declaratory judgment action. This action seeks to ascertain Owners' obligation to defend K&C Budget, thereby resolving any uncertainty surrounding that issue. Indeed, "[Owners'] obligation to defend is not–and cannot be–raised in the [underlying suit], so there is no state interest to consider much less defer to." United Financial Cas. Co. v. Proactive Transp., Inc., No. 11-3539-CV-ODS, 2012 WL 1309415, at *1 (W.D. Mo. Apr. 16, 2012). This also demonstrates that factor number five weighs in favor of not abstaining, as there can be no risk of entanglement with the state court proceedings because the issues in this case will not be raised. As to factor six, the Court perceives no improper procedural maneuvering by Owners. Owners is not a party in the state court action. This action seeks only a determination of whether Owners must defend and potentially indemnify K&C Budget. Thus, the Court finds that a stay is not appropriate in this case.[1]

Martinez attempts to distinguish Scottsdale Ins. from this case on the grounds that the Eighth

---

[1] Martinez argues that a stay is appropriate because factual inquiries remain in the state court case. This is of no concern here, because Owners' claims regarding its duty to defend and indemnify are deemed ripe for determination despite the uncertainty of the existence, much less the basis, of K&C Budget's liability. E.g., Scottsdale Ins., 620 F.3d at 934.

-4-

Circuit was deciding whether the district court abused its discretion in dismissing the action all together as opposed to granting a stay. While it is true that Scottsdale Ins. involved a dismissal order, the court of appeals discussion of the proper discretion exercised by the district courts considered both outcomes of a dismissal and stay. Scottsdale Ins., 426 F.3d at 998 (discussion "discretion in determining whether to dismiss or stay declaratory judgment actions when there is no parallel state court proceedings"); see also St. Paul Guardian Ins. Co. v. Shannon & Wilson, Inc., No. 06-CV-CDP, No. 2006 WL 1479521, at *2 (E.D. Mo. May 25, 2006). The Court finds that the distinction between the stay and dismissal is not determinative in this case.

### III. Conclusion

Accordingly, it is hereby

ORDERED that defendant Rachelle Martinez's Motion to Stay Proceedings and Delay Response to Plaintiff's Motion for Summary Judgment (Doc. #25) is denied.


    /s/ Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

DATED: June 15, 2012